UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSE NUNEZ AND BERTHA NUNEZ

VERSUS

ACE AMERICAN INSURANCE COMPANY,
US AUTOLOGISTICS LLC, AND JAMES
P. BOWIE

CIVIL ACTION

NO. 17-1593-JJB-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 28, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSE NUNEZ AND BERTHA NUNEZ

VERSUS

ACE AMERICAN INSURANCE COMPANY,
US AUTOLOGISTICS LLC, AND JAMES
P. BOWIE

CIVIL ACTION

NO. 17-1593-JJB-EWD

**RECOMMENDATION**

Before the court is a Motion to Remand Encompassing Plaintiffs' Response to the Court's Order (the "Motion to Remand")[1] filed by Plaintiffs, Jose Nunez and Bertha Nunez ("Plaintiffs"). The Motion to Remand was filed on November 27, 2017, and pursuant to Local Civil Rule 7(f), any opposition to the Motion to Remand was due by December 19, 2017. No opposition has been filed, and therefore the undersigned considers the Motion to Remand to be unopposed. For the reasons set forth herein, the undersigned RECOMMENDS[2] that the Motion to Remand be GRANTED and that this suit be remanded to the 19th Judicial District Court for the State of Louisiana.

I.  Background

Plaintiffs filed a Petition for Damages (the "Petition") in state court on or about September 21, 2017 for damages allegedly arising from an October 4, 2016 automobile accident. On November 3, 2017, defendant, US AutoLogistics, LLC ("USAL"), filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds

---

[1] R. Doc. 10.

[2] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

$75,000, exclusive of interest and costs, and the parties are completely diverse.[3] The original Notice of Removal alleges that USAL "is a Texas limited liability company with its principal place of business located in Houston, Texas."[4] On November 7, 2017, USAL was ordered to file, *inter alia*, a Motion to Substitute the Notice of Removal with a comprehensive Notice of Removal that adequately alleged USAL's citizenship.[5]

On November 14, 2017, USAL filed its second Motion to Substitute Pleading (the "Second Motion to Substitute").[6] Attached to USAL's Second Motion to Substitute was a proposed comprehensive Notice of Removal wherein USAL alleged that "[o]n November 3, 2017, the date of removal, all members of USAL Holdings, LLC were domiciled in the state of Texas."[7] On November 15, 2017, the Second Motion to Substitute was denied, and USAL was again ordered to file a Motion to Substitute the Notice of the Removal with a "comprehensive Notice of Removal that adequately alleges US AutoLogistics, LLC's citizenship by setting out the members of USAL and each alleged member's citizenship."[8]

In response to the court's November 15, 2017 Order, USAL filed a third Motion for Leave of Court to Substitute Notice of Removal (the "Third Motion to Substitute").[9] Therein, USAL contended that "[t]he citizenship of US AutoLogistics is determined by the citizenship of its only member, USAL Holdings, LLC. The citizenship of USAL Holdings, LLC is in turn determined

---

[3] R. Doc. 1.

[4] R. Doc. 1, ¶ 5(b).

[5] R. Doc. 3.

[6] R. Doc. 5. On November 6, 2017, USAL filed a Motion to Substitute Pleading seeking to amend the caption of the Notice of Removal to include "the abbreviation 'LLC' after US AutoLogistics…." R. Doc. 2, p. 1. The November 6, 2017 Motion to Substitute Pleading was denied as moot in the court's order requiring USAL to file a motion to substitute the original Notice of Removal with a Notice adequately alleging the citizenship of USAL. R. Doc. 3.

[7] R. Doc. 5-1, ¶ 5(b).

[8] R. Doc. 7.

[9] R. Doc. 9.

by the citizenship of its ten (10) members. At all pertinent times, each and every member of USAL Holdings, LLC was domiciled in the State of Texas. At all pertinent times, none of USAL Holdings, LLC's members were domiciled in the State of Louisiana."[10] Likewise, in its proposed substitute Notice of Removal, USAL alleged that:

> Since at least two years prior to September 21, 2017 [the date the Petition was filed], USAL Holdings, LLC has been the sole owner/member of US AutoLogistics. From September 21, 2017 to the present, USAL Holdings, LLC has been comprised of ten (10) members. The members of USAL Holdings, LLC have not changed from September 21, 2017 to the present. On September 21, 2017, each and every member of USAL Holdings, LLC has been domiciled in the State of Texas. From September 21, 2017 to the present no member of USAL Holdings, LLC has been domiciled in the State of Louisiana.[11]

In its Memorandum in Support of the Third Motion to Substitute, USAL recognized that "[t]he citizenship of a limited liability company is determined by the citizenship of all of its members."[12] (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). However, USAL argued that "[i]n the *Harvey* case the Fifth Circuit did *not* hold that every member of a non-party limited liability company must be disclosed and/or identified."[13] USAL argued that its proposed allegation of its citizenship was sufficient because it "affirmatively alleges that at all pertinent times, each and every member of USAL Holdings, LLC was domiciled in the State of Texas"[14] and that neither Fifth Circuit precedent nor the pleading requirements set forth in Federal Rule of

---

[10] R. Doc. 9-1, pp. 1-2.

[11] R. Doc. 9-1, ¶ 5(c). As further evidence supporting this allegation, USAL attached the Declaration of Kimberly A. Jacobson, the secretary of USAL Holdings, LLC. R. Doc. 9-1. The Declaration tracks USAL's assertion set forth in the Third Motion to Substitute, *i.e.*, that USAL Holdings, LLC is comprised of ten members domiciled in Texas. R. Doc. 9-1, ¶¶ 5 & 7. Additionally, USAL relied on its corporate disclosure statement, wherein it asserted that "US AutoLogistics, LLC is a Texas limited liability company wholly owned by USAL Holdings, LLC. From September 21, 2017 to the present all members of USAL Holdings, LLC have been domiciled in the state of Texas." R. Doc. 6.

[12] R. Doc. 9-1, p. 4.

[13] R. Doc. 9-1, pp. 4-5.

[14] R. Doc. 9-1, p. 3.

Civil Procedure 8 require "the disclosure of the identity of non-parties in connection with a limited liability company's jurisdictional allegations."[15]

On November 27, 2017, Plaintiffs filed the instant Motion to Remand.[16] By their Motion to Remand, Plaintiffs assert that "USAL has failed to properly allege its citizenship by failing to list the ten (10) members of its only member, USAL Holdings, LLC, and their respective citizenships...."[17] Plaintiffs argue that remand is warranted because "USAL has not met their burden of establishing federal jurisdiction, nor have they shown removal was proper. By failing to unambiguously allege each member's citizenship, the court must presume that the suit lies outside its limited jurisdiction and this ambiguity should be strictly construed in favor of remand."[18]

On November 29, 2017, USAL's Third Motion to Substitute was denied, and USAL was ordered to file a Motion to Substitute the Notice of Removal with a comprehensive Notice of Removal that adequately alleged US AutoLogistics, LLC's citizenship by identifying each member of USAL, stating whether each member of USAL was an individual or entity, and adequately alleging the citizenship of each member.[19] The court ordered USAL to file its Motion to Substitute the Notice of Removal by December 6, 2017 and notified USAL that "failure to

---

[15] R. Doc. 9-1, p. 5. USAL further asserted that "[i]f Congress wanted to force a limited liability company to disclose the identity of non-parties in its jurisdictional allegation it could have included such a requirement in Rule 8 of the Federal Rules of Civil Procedure or in 28 U.S.C. § 1446." R. Doc. 9-1, p. 5.

[16] R. Doc. 10.

[17] R. Doc. 10, ¶ 8. *See also*, R. Doc. 10, ¶ 6 (explaining that in response to this court's November 7, 2017 order requiring Plaintiffs to file either a memorandum regarding the amount in controversy or a motion to remand, Plaintiffs have chosen to file a motion to remand "as defendant USAL has failed to adequately allege USAL's citizenship and show that complete diversity exists as required by 28 U.S.C. § 1332."). Although the November 7, 2017 order instructed Plaintiffs to file either a memorandum regarding the amount in controversy or a motion to remand concerning the amount in controversy, R. Doc. 3, Plaintiffs' instant Motion to Remand only addresses whether USAL has adequately established that the parties are completely diverse.

[18] R. Doc. 10-1, p. 6.

[19] R. Doc. 12.

adequately allege the citizenship of US AutoLogistics, LLC in its next proposed substitute Notice of Removal as set forth in this Notice and Order may result in a recommendation that this matter be remanded for failure of the removing party to meet its burden of establishing federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332."[20] USAL failed to timely file a Motion to Substitute the Notice of Removal and, as noted above, failed to file an opposition to the Motion to Remand.

## II. Law and Analysis

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted).[21] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction.

---

[20] R. Doc. 12, p. 8.

[21] No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

6

*Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

### B. USAL Has Not Met Its Burden to Prove That the Parties Are Completely Diverse

Federal Rule of Civil Procedure 8(a)(1) requires that a pleading include "a short and plain statement of the grounds for the court's jurisdiction…."[22] *See also*, 28 U.S.C. § 1446(a) (requiring a notice of removal "containing a short and plain statement of the grounds for removal."). The Fifth Circuit has "stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975); *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference)). *See also*, *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259 (5th Cir. 2008) (quoting *Getty Oil, Div. of Texaco v. Ins. Co. of North America,* 841 F.2d 1254, 1259 (5th Cir. 1988)).

In *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), the Fifth Circuit treated a limited liability company as "an unincorporated association" and held that "the citizenship of a LLC is determined by the citizenship of all its members." Recently, the Fifth Circuit explained that "[a] party seeking to establish diversity jurisdiction must specifically allege

---

[22] In support of its Third Motion to Substitute, USAL cited *Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532 (5th Cir. 1980) in support of its statement that "the substitute Notice of Removal should be viewed through the lens of Rule 8(a)…." R. Doc. 9-1, p. 5. In *Kirkland*, the Fifth Circuit explained that, pursuant to Rule 8, "[i]f jurisdiction is based on the existence of a federal question, the jurisdictional allegation should state that the action arises under a particular statute or provision of the Constitution and the body of the complaint must state facts showing that the case does in fact arise under federal law." Accordingly, the *Kirkland* court required sufficient allegations of fact to support the jurisdictional grounds. Pursuant to Fifth Circuit precedent, such short and plain statement of the jurisdictional grounds, when based on diversity, must distinctly and affirmatively allege each party's citizenship. When a party is an unincorporated association, the allegation of that party's citizenship entails setting forth the citizenship(s) of that association's members through potentially many layers of organizational structure.

7

the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, LLC v. Rapid Settlements, Limited*, 851 F.3d 530, 536 (5th Cir. 2017). In *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009), the Fifth Circuit explained, in the context of a partnership (another form of unincorporated association), that information regarding the citizenship of all of defendant's partners, general and limited, "was crucial to determining whether complete diversity existed" and that plaintiffs' amended complaint reflected the parties were completely diverse by "tracing…citizenships down through the various organizational layers where necessary…."

Courts in this Circuit have likewise required an unincorporated association such as a limited liability company to "trace" its citizenship through however many layers there may be. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted); *Stephens Production Co. v. Wildhorse Resources II, LLC*, Civil Action No. 15-167, 2015 WL 4406017, at * 1 (W.D. La. July 17, 2015) ("When an LLC has a member which is also an LLC, the citizenship of the member LLC must be traced through however many layers of partners or members there may be."); *Randolph v. Wyatt*, Civil Action No. 09-2020, 2010 WL 299257, at * 1 (W.D. La. Jan. 15, 2010) ("for each member of an LLC that it itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations because 'only natural person and corporations have a legal existence – for diversity purposes – that is not dependent on the citizenship of their constituent members.'"); *Cavender Enterprises Leasing*

*Family, LLC v. First States Investors 4200 LLC*, Civil Action No. 10-1667, 2011 WL 3664563, at * 2 (W.D. La. July 21, 2011) (same); *PPI Technology Services, LP v. Liberty Mutual Ins. Co.*, Civil Action No. C-11-47, 2011 WL 465972, at * 1 (S.D. Tex. Feb. 25, 2011) ("In other words, the removing party 'must list the citizenship of each member of each limited liability company to properly allege diversity of citizenship.'").

As the removing party, USAL has the burden of establishing federal diversity subject matter jurisdiction exists by distinctly and affirmatively alleging each party's citizenship. *Howery*, 243 F.3d at 916; *Getty Oil*, 841 F.2d at 1259. Here, the allegation set forth in USAL's Notice of Removal – that "USAL is a Texas limited liability company with its principal place of business located in Houston, Texas" – fails to set forth USAL's citizenship as required by *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) and *Settlement Funding, LLC v. Rapid Settlements, Limited*, 851 F.3d 530, 536 (5th Cir. 2017). Further, while USAL's proposed allegation as set forth in its Third Motion to Substitute – that USAL Holdings, LLC is the sole member of US AutoLogistics and that USAL Holdings, LLC is comprised of ten members domiciled in the State of Texas – is an affirmative allegation (*i.e.*, it does not phrase the members' citizenship in the negative),[23] the proposed allegation does not distinctly list the ten members of USAL Holdings, LLC or set forth each members' citizenship. Further, to the extent USAL's proposed allegation that each member is "domiciled" in Texas is meant to indicate that each member is an individual, such is not clear from the proposed amended Notice of Removal. Without setting forth each member of USAL Holdings, LLC distinctly, and alleging the citizenship of such

---

[23] In this sense, USAL's proposed allegation that "no member of USAL Holdings, LLC has been domiciled in the State of Louisiana" would be insufficient taken alone. This court has previously held that "allegations phrased in the negative are insufficient." *Truxillo v. American Zurich Ins. Co.*, Civil Action No. 16-369, 2016 WL 6987127, at * 6 (M.D. La. Oct. 24, 2016) (citing *Constance v. Austral Oil Exploration Co., Inc.*, Civil Action No. 12-1252, 2013 WL 495779, at * 3 (W.D. La. Feb. 3, 2013)).

member in accordance with the rules applicable to that particular member, the court is unable to determine whether federal subject matter jurisdiction exists. Though USAL previously argued it is not required to distinctly identify the members of USAL Holdings, LLC, the weight of authority on that issue is to the contrary. *See*, *Cavender*, 2011 WL 3664563, at * 1 & 3 (explaining that "simply because Delaware does not require limited liability companies to disclose their membership does not relieve plaintiff of its burden to properly allege diversity jurisdiction" and finding that "plaintiff has failed to affirmatively identify the LLC's, limited partnerships, and real estate investment trusts that comprise the membership of First States, or the members and citizenship of these undisclosed entities. Instead, plaintiff alleges that none of these members have a principal place of business in Tennessee, and that they are ultimately owned by a corporation."); *BNSF Logistics, LLC v. Energo, LLC*, Civil Action No. 3:15-2694, 2015 WL 12731754, at * 1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted); *Sourcing Management, Inc. v. Simclar, Inc.*, Civil Action No. 3:14-2552, 2015 WL 2212344, at * 3 (N.D. Tex. May 12, 2015) ("Plaintiff fails to allege the names or citizenship of Balmoral's members that are required as a matter of law to plead the citizenship of a limited liability company."). *See also*, *Gabler v. HA Housing, LP*, Civil Action No. 12-02671, 2012 WL 4856734, at 2 (D. Colo. Oct. 12, 2012) ("By failing to specifically identify the citizenship and name of each of its members and those of Kier, defendant fails to establish complete diversity.").

Again, USAL has the burden of establishing complete diversity between the parties exists. The allegations set forth in USAL's Notice of Removal, as well as the allegations set forth via

USAL's Third Motion to Substitute were insufficient to meet this burden. USAL has had three opportunities to remedy this deficiency.[24] On November 29, 2017, USAL was notified that the proposed allegations set forth in its Third Motion to Substitute were insufficient, and that a repeated failure to adequately alleged USAL's citizenship could result in a recommendation that this suit be remanded.[25] Despite this court's November 29, 2017 Notice and Order, USAL failed to file a fourth Motion to Substitute. Further, USAL has not filed an opposition to Plaintiffs' Motion to Remand. Under such circumstances, the undersigned assumes that USAL intends to rely upon its arguments as set forth in its Memorandum in Support of the Third Motion to Substitute and its proposed allegations of citizenship set forth therein. As discussed above, these proposed allegations of citizenship are insufficient to meet USAL's burden. Accordingly, and especially in light of USAL's multiple opportunities to remedy the deficiency, the undersigned recommends that Plaintiffs' Motion to Remand be granted and that this matter be remanded to state court. *See*, *Thornhill v. Alexandria Mall Co.*, Civil Action No. 07-0064, 2009 WL 1664026, at * 3 (W.D. La. June 8, 2009) (requiring that "for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations" and recommending dismissal of plaintiffs' complaint without prejudice where plaintiffs were "afforded ample opportunity to affirmatively allege and establish citizenship for purposes of diversity" yet failed to meet their burden); *Alter Vail Ventures, LLC v. Wiles*, 1:16-cv-1246, 2016 WL 2757746, at * 2, n. 1 (N.D. Ga. May 12, 2016) (noting that plaintiff's "general allegation that 'all members of AVV are

---

[24] *See*, R. Docs. 3, 5, 7, 9, & 12.

[25] R. Doc. 12.

domiciled in Illinois' is insufficient to establish AVV's citizenship" and dismissing action without prejudice where plaintiff "had two opportunities to properly allege jurisdiction….").

**III.     Recommendation**

For the reasons set forth herein, the undersigned RECOMMENDS that the Motion to Remand Encompassing Plaintiffs' Response to the Court's Order[26] filed by Plaintiffs, Jose Nunez and Bertha Nunez be GRANTED and that this suit be remanded to the 19th Judicial District Court for the State of Louisiana.

Signed in Baton Rouge, Louisiana, on December 28, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] R. Doc. 10.